discretionary, and that the misleading character of the instruction was sufficient to require a reversal.

2. INSTRUCTIONS, § 52*—*use of mandatory words.* Where an instruction is to direct the jury to find for the party that proves his case by a preponderance of the evidence, the direction should be mandatory by the use of the word "shall" or "should," though the use of the word "will" will not be considered improperly employed.

3. CARRIERS, § 525*—*when testimony improperly stricken out as hearsay evidence.* In an action against a street railway company to recover for a malicious assault by defendant's conductor in ejecting plaintiff from one of its cars, plaintiff swore that she gave the conductor a transfer and she was corroborated as to such fact by another passenger who also swore that she told the conductor before ejecting plaintiff that she had paid her fare, and plaintiff also testified as to what said passenger told the conductor but the court struck out the testimony as hearsay evidence, *held* that the court erred in striking out the testimony for the reason it tended to show what information the conductor had before ejecting plaintiff, and was material and direct evidence bearing on the question of malice and the character of his subsequent conduct.

---

## William K. Noble, trading as Wayne Hoop Company, Appellee, v. Charles A. Watson et al., trading as C. A. Watson & Company, Appellants.

### Gen. No. 19,749.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 6, 1914.

### Statement of the Case.

Action by William K. Noble, trading as Wayne Hoop Company against Charles A. Watson, Reginald A. Watson and Harold B. Watson, copartners, trading as C.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A. Watson and Company to recover the purchase price of a carload of hoops shipped by plaintiff from Fort Wayne, Indiana, to the defendants at Savannah, Missouri. Defendants did not deny liability for the hoops, but filed a set-off for damages in delaying delivery. By agreement the claim of plaintiff was adjusted and the case heard on defendants' claim of set-off as if on an independent action therefor. At the close of the case the court, on motion therefor, directed a verdict for plaintiff. To reverse the judgment entered on the verdict, defendant appeals.

The contention of appellants was that there was evidence tending to show a complete oral agreement between the parties and damages for a breach thereof, and appellee's contention was that the oral agreement was merged in a subsequent written agreement, as to which there was no proof of damages.

The record shows that Reginald A. Watson, one of the appellants, testified that the dealings began by conversations over the telephone with one Milliken, appellee's agent, about August 25, 1910; that in a conversation on August 31st the latter expressly promised and agreed to have a car containing 60,000 hoops rolling by September 2nd and delivered at Savannah, Mo., by September 5, 1910, without fail, at the price of $10.25 per thousand, and that thereupon Watson said: "You can take the order and I will wire you tomorrow so that you will have something to show for this order." Accordingly, the next morning he sent appellee the following telegram: "Ship Savannah, Mo., car to be rolling night of September second sixty thousand number one elm hoops six feet.

C. A. Watson & Co."

and wrote appellee a letter saying:

"This confirms our wire this date instructing you to load car 60,000 No. 1 elm hoops 6 ft., to be billed to ourselves Savannah, Mo. Car to be loaded and rolling Friday night, Sept. 2, 1910. Price to be as per your quotation $10.25 per M. F. O. B. above destina-

tion, terms to be 30 days net. We may want part of this car at Amazonia with a stop off at Savannah to partly unload. Then if we wish all car to Savannah can unload same there. Kindly forward B. L. to us promptly so that we can trace to destination and you also trace as we are waiting for stock and if same is satisfactory you will hear from us with further business. In haste,

C. A. W. & Co., R. A. Watson."

A letter of same date, answering said telegram and signed "Wayne Hoop Co.," was as follows:

"In line with your telegram of even date we enter your order for carload of 60,000 -6-0" hoops to be shipped Savannah, Mo., which we will let go forward either Saturday or Monday. If we can get them out tomorrow, will certainly do so, but hardly think our mill will be able to get them out.

After the car leaves our mill, we will have it followed with a wire tracer, and have it rushed through to you without further delay."

On September 2nd, appellee replied to appellants' letter as follows:

"We have your favor confirming your telegram of even date. We wrote you yesterday, acknowledging receipt of your order, which we wired you we could get on the way either Saturday or Monday of next week. We note you want us to bill this shipment to you at Amazonia, Mo., with a stop-off at Savannah, and have taken this matter up with our mill to do this. It is a little doubtful whether they will allow us to do this, as the western railroads as a rule do not allow stop offs.

Our traffic manager has not rate to Amazonia, Mo., and we presume it takes St. Joseph rate of freight. If not, we will expect you to stand all over this.

Yours truly,

Wayne Hoop Co."

After receiving the two letters from appellee, appellants wired on September 5th:

"Just arrived Chicago. Note letter second. Is car rolling? Send number and routing," and on September 8th: "Why don't you give us car number routing car hoops. Must have car at once to prevent serious damage."

HOYNE, O'CONNOR & IRWIN, for appellants; CARL J. APPELL, of counsel.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 373*—*when evidence of oral contract as to time of delivery sufficient to go to jury.* In an action for the purchase price of a carload of hoops, where the case was tried on the buyers' claim of set-off for delay in delivery of the shipment, *held* that the evidence tended to show a complete oral contract made by telephone with plaintiff's manager to deliver the car to the defendants by a certain date, to show that defendants' subsequent telegram and letter were intended to confirm the oral agreement rather than to constitute an abrogation of it, and to furnish a basis for the computation of damages; and *held* that it was therefore a question for the jury whether there was such an oral agreement, and that the court erred in directing a verdict for the plaintiff.

---

### J. A. Shewbridge, alias J. A. Strewbridge, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 19,801.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 6, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.